# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF ROBERT RICHARD TELLES, BAR NO. 13597.

No. 85465

FILED

OCT 19 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER IMPOSING TEMPORARY SUSPENSION AND RESTRICTING HANDLING OF CLIENT FUNDS

This is a petition by the State Bar for an order temporarily suspending attorney Robert Richard Telles from the practice of law, pending the resolution of formal disciplinary proceedings against him. The petition and supporting documentation demonstrate that Telles has been charged with murder and appears to have transferred significant funds from his trust account in 2022, after he left private practice and assumed the job of public administrator.

SCR 102(4)(b) provides, in pertinent part:

> On the petition of bar counsel, supported by an affidavit alleging facts personally known to the affiant, which shows that an attorney appears to be posing a substantial threat of serious harm to the public, the supreme court may order, with notice as the court may prescribe, the attorney's immediate temporary suspension or may impose other conditions upon the attorney's practice.

In addition, SCR 102(4)(c) provides that we may place restrictions on an attorney's handling of funds.

We conclude that the documentation before us demonstrates that Telles poses a substantial threat of serious harm to the public based on

22-32902

the murder charge and recent trust account transfers suggesting potential mishandling or misappropriation of client funds. For these reasons, his immediate temporary suspension is warranted under SCR 102(4)(b). We further conclude that Telles' handling of funds should be restricted.

Accordingly, attorney Robert Richard Telles is temporarily suspended from the practice of law, pending the resolution of formal disciplinary proceedings against him.[1] Under SCR 102(4)(d), Telles is precluded from accepting new cases immediately upon service of this order, but he may continue to represent existing clients for a period of 15 days from service of this order. In addition, pursuant to SCR 102(4)(b) and (c), we impose the following conditions on Telles' handling of funds entrusted to him:

1. All proceeds from Telles' practice of law and all fees and other funds received from or on behalf of his clients shall, from the date of service of this order, be deposited into a trust account from which no withdrawals may be made by Telles except upon written approval of bar counsel; and

2. Telles is prohibited from withdrawing any funds from any and all accounts in any way relating to his practice of law, including but not limited to his general and trust accounts, except upon written approval of bar counsel.

The State Bar shall immediately serve Telles with a copy of this order. When served on either Telles or a depository in which he maintains an account, this order shall constitute an injunction against withdrawal of

---

[1]Telles may file a petition asking this court to dissolve or amend the order of temporary suspension as discussed in SCR 102(4)(e).

the proceeds except in accordance with the terms of this order. *See* SCR 102(4)(c). Telles shall comply with the provisions of SCR 115.[2]

It is so ORDERED.

_____ C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:    Bar Counsel, State Bar of Nevada
        Executive Director, State Bar of Nevada
        Admissions Office, United States Supreme Court
        Robert Richard Telles

---

[2]As provided in SCR 121(5), this matter is now public. This is our final disposition of this matter. Any new proceedings shall be docketed under a new docket number.

The Honorable Abbi Silver having retired, this matter was decided by a six-justice court.